CLIO KALEIOPU *v.* ELIZABETH BOOTH and CHARLES W. BOOTH, her husband.

APPEAL FROM COMMISSIONER OF WATER RIGHTS, DISTRICT OF HONOLULU.

SUBMITTED JULY 3, 1896.        DECIDED OCTOBER 19, 1896.

JUDD, C.J., FREAR AND WHITING, JJ.

The Commissioner allowed the plaintiff all the water in a ditch over defendant's land for two hours each day. There being no evidence on which to base the decision as to the extent of the right, and not a clear preponderance of evidence as to the existence of the right, the decision is reversed and the case remitted to the Commissioner for further evidence and decision.

OPINION OF THE COURT BY FREAR, J.

The plaintiff and the principal defendant, Elizabeth Booth, are the owners respectively of certain lands situated between the Manoa and Palolo streams at Waikiki-waena, in Honolulu. These lands adjoin each other, the defendant's being above the plaintiff's. The question in controversy is whether the plaintiff's land is entitled to water from the Manoa stream through a ditch over the defendant's land.

There is a spring, called Kalaepohaku, near the boundary line between these lands, from which there was formerly a considerable flow of water, but which (and this is also the case with the Kanewai spring higher up whose water formerly flowed

into the ditch above mentioned) has been nearly dry for some years, in consequence, probably, of the sinking of artesian wells near by. From the testimony of the witnesses as a whole and from the lay of the land and the location of the spring, there can be little doubt that the greater portion of the plaintiff's land, probably all but the few higher taro patches nearest the Manoa stream and adjoining the defendant's land, depended upon this spring for water. The question is, therefore, practically whether the remainder of the land, these few patches, also depended upon the Kalaepohaku spring or was entitled to water from the Manoa stream.

The lay of the land would seem to indicate that these patches would naturally have obtained their water from the Manoa stream, and yet it appears by measurement that they could have been irrigated by the Kalaepohaku water. The testimony of the witnesses for the plaintiff is to the effect that her land was always entitled to some water through this ditch, without however specifying the amount, either by quantity or by time; also that this water flowed to her land from the defendant's through a regular channel, and that her land depended only in part upon the Kalaepohaku spring. On the other hand, the testimony of the witnesses for the defendant is to the effect that the water in the ditch from the Manoa stream and Kanewai spring belonged to her land and the Kanewai land alone, that these two lands alternated in the use of the water, each taking the entire water for a day and a night at a time, and that, although some of the water has in the past flowed on to the plaintiff's land, this was only occasionally, when there was a superabundance of water, the overflow of which would naturally flow down hill to plaintiff's land, that this overflow was from patch to patch and not through any well defined channel, and was merely a surplus due to heavy rains and not a proportion belonging to or taken by the plaintiff as of right; also that there is now less water in the ditch than there formerly was, owing to lessened rainfall and the drying of the Kanewai spring, in consequence of which she

has been obliged to contract the cultivation of her own land; and she contends that the plaintiff's lack of water is not due to her (defendant's) taking more or a larger proportion of water than she is entitled to, but is due solely to the diminished supply of water—from which she and others dependent on the Manoa and Kanewai water have to suffer as well as the plaintiff who is dependent on the Kalaepohaku water.

The Commissioner found that the plaintiff's land was entitled in part (presumably to the extent of the few patches above mentioned) to water from the Manoa stream and awarded to her all the water in the ditch for two hours each day, namely, from 4 to 6 o'clock, a. m.

Whether the plaintiff is entitled to any water from the Manoa stream, is not very clear. If this were the only question open on the appeal, the decision of the Commissioner should be allowed to stand, for there is not a very clear preponderance of evidence either way, and she had advantages not possessed by the appellate court in that she saw and heard the witnesses. But there is clearly no evidence on which to base the finding as to the amount of water to which the plaintiff is entitled, if any, and the decision should at least be reversed on this point and the case be remitted to the Commissioner for further evidence. Under these circumstances, and since such further evidence as may be introduced on the question of the extent of the right, if any, may throw further light upon the question of the existence of the right also, we think it more just that the decision of the Commissioner be reversed *in toto* and that the case be remitted to her for further evidence and decision, and it is so ordered.

*J. M. Kaneakua*, for plaintiff.

*W. R. Castle*, for defendant.